FILED
JUN 10 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUANE McKINNEY,

Plaintiff,

v.                                                          Civil Action No. 14-0466 (UNA)

VIRGINIA CHEATHAM, et al.,

Defendants.

## MEMORANDUM OPINION

Plaintiff is a prisoner who currently incarcerated at a federal penitentiary in Inez, Kentucky. He appears to allege that, but for advice he received from counsel, he would not be in prison. *See generally* Compl. at 2-5. He "comes before this Honourable Court respectfully requesting[] punitive damages and a[]n order for release" from custody. *Id.* at 2; *see id.* at 5 (demanding "punitive damages of the amount of twenty four million and a million . . . after every day of service go unheard from the disposition of this case").

Ordinarily, a prisoner challenging the fact or duration of his confinement must do so by filing a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). This Court cannot entertain a petition for a writ of habeas corpus for plaintiff's immediate release from custody because neither plaintiff nor his custodian is within the Court's territorial jurisdiction. *See Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Furthermore, plaintiff may not obtain his release from custody by means of a civil action demanding a declaratory judgment or injunctive relief. *See Williams v. Hill*, 74 F.3d 1339, 1340

(D.C. Cir. 1996) (per curiam) ("As to [appellant's] claim for injunctive and declaratory relief, it is well-settled that a prisoner seeking relief from his conviction or sentence may not bring such an action."). Nor may a prisoner plaintiff collect damages arising from his incarceration without first showing "that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, plaintiff has made no such showing.

The complaint fails to state a claim upon which relief can be granted and, accordingly, the Court will dismiss the complaint and this civil action. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). An Order is issued separately.

DATE: 5/27/2014

United States District Judge